CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:        kculpepper@culpepperip.com

Attorney for Owners/Requestors
Wonder One, LLC, et al.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena to<br><br>Leaseweb USA, Inc. | **Case No.:** 1:21-mc-322<br>(Copyright)<br><br>APPLICATION FOR 512(h)<br>SUBPOENA |

APPLICATION FOR 512(h) SUBPOENA

TO: CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 17 USC 512(h) (hereafter: "512(h)"), Wonder One, LLC; Above Suspicion Holdings, LLC; Right Angle Productions, LLC; After Productions, LLC; After II Movie, LLC; Morgan Creek Productions, Inc.; Glacier Films 1, LLC; Make the Movie, LLC; Temple Picture Holdings, LLC; Vantis Pictures, Ltd; Voltage Holdings, LLC; BOB GA, LLC; Bedeviled LLC; Rise Up, LLC; Rodentus, Inc.;

1

20-023Pa

Reliance Entertainment Productions Scandi Ltd.; Blunt Force Trauma, LLC; Broker Film, LLC; Midland Entertainment; Burnt Ends, LLC/Landon Johnson; BTX Nevada, LLC; Indomina Media, Inc./IPC002 Film, Inc.; Cabin Fever Productions, LLC; Xmas Movie, LLC; Colossal Movie Productions, LLC; Markinarium S.r.L; Dallas Buyers Club, LLC; Ace Pictures Entertainment, LLC; Dead Trigger Movie, LLC; Departures Nevada, LLC; YAR Productions, Inc.; Don Jon Nevada, LLC; Industry Releasing, Inc.; WWE Studios Finance Corp; Reliance Entertainment Productions 12 Ltd.; Escape Productions, LLC; West Arts, LLC; Backmask, LLC; Escape Room Film 2018, LLC; Fun Mom Dinner, LLC; Generation Um Holdings, LLC; Imogene Film, LLC; Cielo Tate Island, LLC; Something She, LLC; Hurt Locker, LLC; Journey Film Productions, LTD; Home Invasion Nevada, LLC; Killer Joe Nevada, LLC; Camp Grey Productions LLC; Above the Clouds, LLC; Broad Daylight LLC; Life on the Line, Inc.; Pizza Lovers Productions, Ltd.; YRF USA, LLC; Ace in the Hole Productions, LP; Ivan and Elyse Pictures, LLC; Dog Dave Productions, LLC; Maxcon Productions, Inc.; Industry Releasing, Inc.; Midnightman Holdings, LLC; Bundy Brown Island, LLC; SVZ Productions, INC.; Top Cop Productions, LLC; Venice PI, LLC; Signature Entertainment, Ltd.; Strategic Motion Ventures  LLC; Personal Effects Film Corporation, LLC / PE Productions, Inc.; Splintered, LLC; Industry Releasing, Inc.; G Productions, Inc.; H Films, Inc.; Sugar Shack Productions Ontario, Inc./The Rest Of Us Inc.; Return to

20-023Pa

Sender, LLC; Prism Pictures, Inc.; Rosewood Lane Productions, Inc.; Sand Castle Film, LLC; 5G Productions, Inc. (a subsidiary of Grindstone Entertainment Group LLC); Secret Films Limited; Enigma Pictures & Videovision Entertainment; Cinestate Seventh Day, LLC; Shock and Awe, LLC; MON, LLC; SF Film, LLC; Hybrid, LLC; The Super Productions, LLC; Handsomecharlie Films, Inc./Picture Perfect Corporation; Honeybadger, Inc.; Sojo Production, Inc.; Sojo II Productions, Inc; Cinestate VFW, LLC; State of the Union Distribution and Collections, LLC; Wind River Productions, LLC; Gearshift Distribution Inc./A Stranded Film Inc.; Asia & Europe Productions, S.A.; Laundry Films, Inc.; Dog Films, Inc.; Hillview 798 Productions, LLC dba Elle Virgo Productions; Millennium IP, Inc.; LHF Productions, Inc.; Millennium Funding, Inc.; Bodyguard Productions, Inc.; Boxer Production Services, Inc.; Rambo V Productions, Inc.; Outpost Productions, Inc.; Nikola Productions, Inc.; Hitman Two Productions, Inc.; Killing Link Distribution, LLC; FAMILY OF THE YEAR PRODUCTIONS, LLC; I am Wrath Production, Inc.; Tokarev Production, Inc.; Hannibal Classics, Inc.; Justice Everywhere Productions LLC; Badhouse Studios, LLC; Out of the Box Investment, Inc,; Kremlin Films; Out of the Box Investment, Inc.; Speed Kills Productions, Inc.; A.I.C. Library, Inc.; Haymaker Films, LLC; AMBI Distribution Corp.; Paradox Studios, LLC;  Rupture CAL, Inc.; This Beautiful Fantastic UK Limited; FW Productions, LLC; FSMQ Film, LLC; Arctic Justice Movie Limited; Paradox Studios, LLC;

20-023Pa

Nancy Cartwright; Bayou Bennett; Daniel Lir; In Search of Fellini, LLC; Picomedia srl; Screen Media Ventures, LLC; Ledge Distribution, LLC & Foresight Unlimited, LLC; QOTD Film Investment Ltd.; Cell Film Holdings, LLC; Bootleg LLC; KYD Film LLC; CYM Film Holdings, LLC; Party Crasher Film Productions; PPB LLC; Cook Productions, LLC; BYM Productions, LLC; American Cinema Inspires, Inc.; Christmas For A Dollar LLC.; American Cinema International, Inc.; Oasis Entertainment, Inc.; Trial Film, LLC; and MeThinx Entertainment (collectively "Owner") hereby apply for issuance of a subpoena to Leaseweb USA, Inc. (the service provider) to identify the alleged infringers of Owner's Copyright protected motion pictures.

512(h) provides the copyright owner with a mechanism to request a subpoena from this Court. Particularly, 512(h)(1) provides:

(1) Request.—

A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

As stated in the Declaration of Counsel, the undersigned represents the Owner of the Copyright protected subject matter.

512(h)(2) provides:

(2) Contents of request.—The request may be made by filing with the clerk—

(A) a copy of a notification described in subsection (c)(3)(A);

20-023Pa

(B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

The undersigned provided a representative copy of the notifications described in subsection (c)(3)(A) [*See* Exhibit "A"], a proposed subpoena and the sworn declaration.

512(h)(3) provides:

(3) Contents of subpoena.—

The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

The proposed subpoena is in accordance with 512(h)(3).

512(h)(4) provides:

(4) Basis for granting subpoena.—

If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

As the undersigned has provided the notification, the proposed subpoena in proper form, and the properly executed declaration, the clerk must issue and sign the

proposed subpoena. 512(h)(4) provides that *the Clerk*, not a Judge should issue and sign the proposed subpoena.

512(h)(6) provides that "…the procedure for issuance and delivery of the subpoena…shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum". That is, 512(h)(6) provides that the procedures for the Rule 45 subpoena shall govern. The proposed subpoena is a Rule 45 subpoena.

The DC Circuit has determined that a subpoena under 512(h) "may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity." *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003). The Eighth Circuit adopted the reasoning of the DC Circuit and concluded that 512(h) only applies to ISPs that directly store, cache, or provide links to infringing material. *See In re Charter Communications, Inc.*, 393 F.3d 771, 776-77 (8th Cir. 2005). Both of these decisions turned on the conclusion that the notification described in subsection (c)(3)(A) could not be applied to an ISP that acts as a conduit. The Ninth Circuit has not yet concluded whether 512(h) applies to ISPs that function as a conduit for infringing material. However, the Fourth Circuit recently concluded that notifications similar to those described in subsection (c)(3)(A) were sufficient to trigger an ISP's loss of the

DMCA safe harbor. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 300 (4th Cir. 2018). Accordingly, Owner respectfully submits that the Ninth Circuit would likely conclude that 512(h) does also apply to ISPs that directly store, cache, or provide links to infringing material.

For these reasons, the undersigned request that the Clerk of the Court expeditiously issue and sign the proposed subpoena and return it to the undersigned via ECF to be served on the service provider Hawaiian Telcom, Inc.

DATED: Kailua-Kona, Hawaii, April 23, 2021.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Owners/Requestors